IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUL 28 2006

GREGORY C. LANGHAM
CLERK

Civil Action No. 06-cv-01253-BNB

TIMOTHY DOYLE YOUNG,

    Plaintiff,

v.

UNITED STATES OF AMERICA,
U.S. DEPT. OF JUSTICE,
FEDERAL BUREAU OF PRISONS,
ALBERTO GONZALES, Atty. General,
HARLEY LAPPIN, BOP Director,
HARRELL WATTS, Appeals Administrator,
MICHAEL NALLEY, Regional Director - NCR,
DARYL KOSIAK, Regional Counsel - NCR,
MR. WERLICK, Previous Unit Manager,
R. WILEY, Warden – ADX,
CAPT. BAUER, Health Systems Administrator,
MS. BAILEY, Psychologist,
MR. COLLINS, Unit Manager,
MR. SUDLOW, Case Manager,
MR. HAYGOOD, Counselor,
MR. DEAKINS, Recreation Supervisor,
MR. BELLANTONI, Education Supervisor,
MS. PARSONS, Law Library Worker,
MS. REAR, Adm. Remedy Coordinator, and
MS. HAYS, Adm. Remedy Clerk,

    Defendants.

## ORDER OVERRULING OBJECTION

On July 12, 2006, Plaintiff Timothy Doyle Young, a federal prisoner, submitted to the Court a *pro se* Motion to Strike Order to Cure Deficiency. In the Motion, Mr. Young objects to Magistrate Judge Boyd N. Boland's June 29, 2006, Order directing him to

cure a certain designated deficiency in the Complaint if he wishes to pursue his claims. The Court will construe the Motion liberally as an Objection filed pursuant to 28 U.S.C. § 636 (b)(1)(A). For the reasons stated below, the Objection will be overruled.

Pursuant to § 636(b)(1)(A), a judge may reconsider any pretrial matter designated to a magistrate judge to hear and determine where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law.

In the Complaint Plaintiff submitted to the Court on June 23, 2006, the Court finds that Plaintiff failed to include the same named Defendants in both the caption and in Section "A. Parties" of the complaint form. In the June 29 Order, Magistrate Judge Boland instructed Plaintiff to correct the deficiency and name the same defendants in both the caption and in the text of the Complaint. Plaintiff was sent a Prisoner Complaint form to correct the deficiency.

The Court concludes that Magistrate Judge Boland's June 29, 2006, Order neither is clearly erroneous nor contrary to law. Therefore, Plaintiff's Objection will be overruled. Accordingly, it is

ORDERED that the Motion to Strike Order to Cure Deficiency, filed July 12, 2006, is construed as an Objection filed pursuant to 28 U.S.C. § 636(b)(1)(A) and is overruled. It is

FURTHER ORDERED that Plaintiff has **thirty days from the date of this Order** to cure the designated deficiency identified in the June 29, 2006, Order if he wishes to pursue his claims in this action. It is

FURTHER ORDERED that if Plaintiff fails to cure the deficiency within thirty days of the date of the instant Order the Complaint and action will be dismissed without further notice. It is

FURTHER ORDERED that Plaintiff's Motion for Clarification, filed July 24, 2006, is denied as moot.

DATED at Denver, Colorado, this 27 day of July, 2006.

BY THE COURT:

*/s/ Zita L. Weinshienk*

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 06-cv-01253-BNB

Timothy Doyle Young
Reg. No. 60012-001
ADX – Florence
PO Box 8500
Florence, CO 81226

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on ___7-26-06___

GREGORY C. LANGHAM, CLERK

By: _____
      Deputy Clerk