IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG 2 1 2006

GREGORY C. LANGHAM
CLERK

Civil Action No. 06-cv-01253-BNB

TIMOTHY DOYLE YOUNG,

      Plaintiff,

v.

UNITED STATES OF AMERICA,
U.S. DEPT. OF JUSTICE,
FEDERAL BUREAU OF PRISONS,
ALBERTO GONZALES, Atty. General,
HARLEY LAPPIN, BOP Director,
HARRELL WATTS, Appeals Administrator,
MICHAEL NALLEY, Regional Director - NCR,
DARYL KOSIAK, Regional Counsel - NCR,
MR. WERLICK, Previous Unit Manager,
R. WILEY, Warden – ADX,
CAPT. BAUER, Health Systems Administrator,
MS. BAILEY, Psychologist,
MR. COLLINS, Unit Manager,
MR. SUDLOW, Case Manager,
MR. HAYGOOD, Counselor,
MR. DEAKINS, Recreation Supervisor,
MR. BELLANTONI, Education Supervisor,
MS. PARSONS, Law Library Worker,
MS. REAR, Adm. Remedy Coordinator, and
MS. HAYS, Adm. Remedy Clerk,

      Defendants.

## ORDER DIRECTING PLAINTIFF TO FILE AN AMENDED COMPLAINT

Plaintiff Timothy Doyle Young, is in the custody of the United States Bureau of Prisons and currently is incarcerated at ADX Florence. On June 23, 2006, Mr. Young submitted to the Court a Prisoner Complaint. The Court must construe the Complaint liberally because Plaintiff is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519,

520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Plaintiff will be ordered to file an Amended Complaint

The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them, so that they may respond, and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See **Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas***, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See **TV Communications Network, Inc. v. ESPN, Inc.***, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).

Specifically, Rule 8(a) provides that a complaint "shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." The philosophy of Rule 8(a) is reinforced by Rule 8(e)(1), which provides that "[e]ach averment of a pleading shall be simple, concise, and direct." Taken together, Rules 8(a) and (e)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

The Complaint is in excess of fifty pages, sets forth twenty-one claims, and names twenty defendants. In conducting a review of the twenty claims, the Court finds that in several of the claims Plaintiff fails to assert proper defendants for several of the

alleged claims. Plaintiff further in Claim Nine, sets forth a chronology of events that is unnecessary. Other claims are a mix of claims and a laundry list of statements regarding Plaintiff's disagreement with either program statements, prison policies, or denials of his grievances by prison staff.

Many of Plaintiff's claims fail to set forth a short and plain statement showing that he is entitled to relief in this action. See Fed. R. Civ. P. 8(a)(2). Rather than summarizing each claim succinctly, Plaintiff apparently expects the Court to examine all twenty claims, however disjointed or unnecessarily long, and determine the specific claims that Plaintiff is attempting to raise. That is not the Court's job. It is Plaintiff's responsibility to edit and organize his claims and supporting allegations into a manageable format. Neither Defendants nor the Court is required to do this work for him. Plaintiff must allege, simply and concisely, his specific claims for relief, including the specific rights that allegedly have been violated and the specific acts of each Defendant that allegedly violated his rights.

Plaintiff is directed to amend the Complaint and set forth all of his claims in a **concise and simple** manner.

Furthermore, pursuant to 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under . . . any . . . Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." This "exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." ***Porter v. Nussle***, 534 U.S. 516, 532 (2002).

Section 1997e(a) also "imposes a pleading requirement on the prisoner." ***Steele v. Fed. Bureau of Prisons***, 355 F.3d 1204, 1210 (10th Cir. 2003). To satisfy the burden of pleading exhaustion of administrative remedies, Plaintiff must "either attach copies of administrative proceedings or describe their disposition with specificity." ***Id.*** at 1211. Section 1997e(a) imposes a total exhaustion requirement on prisoners. **See** ***Ross v. County of Bernalillo***, 365 F.3d 1181, 1189 (10th Cir. 2004). Therefore, if Plaintiff has not exhausted administrative remedies with respect to each claim he asserts, the entire Complaint must be dismissed. Furthermore, § 1997e requires that Plaintiff properly exhaust his administrative remedies, which includes following all procedures set forth in a prison grievance system. ***Woodford v. Ngo***, 126 S. Ct. 2378 (2006).

Plaintiff asserts on Page Seven of the complaint form, in response to Question No. 2 under Section "F. Administrative Relief," that "copies of grievance, FOIA, and [t]ort remedies are attached." To the extent that Plaintiff has attached copies of grievances, and other documents indicating he has exhausted his FOIA and tort claims, it is not the Court's responsibility to examine all of the exhibits and try to determine if a grievance is included and to match the grievance to the related claim that Plaintiff has asserted. In the Amended Complaint, Plaintiff is directed to identify on each of the copies of the grievances to which claim the grievance relates. Plaintiff also is instructed to attach the copies of the grievances in numerical order in accordance with the claims to which they are related. Accordingly, it is

4

ORDERED that Plaintiff file **within thirty days from the date of this Order** an Amended Complaint that complies with the instant Order. It is

FURTHER ORDERED that the Clerk of the Court mail to Plaintiff, together with a copy of this Order, two copies of a Prisoner Complaint form. It is

FURTHER ORDERED that if Plaintiff fails within the time allowed to file an Amended Complaint that complies with this Order, to the Court's satisfaction, the action will be dismissed without further notice.

DATED August 21, 2006, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland  
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 06-cv-01253-BNB

Timothy Doyle Young
Reg. No. 60012-001
ADX – Florence
PO Box 8500
Florence, CO 81226

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint** to the above-named individuals on _____8-21-06_____

                                    GREGORY C. LANGHAM, CLERK

                                    By: _____
                                                  Deputy Clerk