## United States Court of Appeals for the Tenth Circuit
### OFFICE OF THE CLERK
Byron White United States Courthouse
1823 Stout Street
Denver, Colorado 80257
(303)844-3157

Elisabeth A. Shumaker
Clerk of Court

Douglas E. Cressler
Chief Deputy Clerk

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

NOV 0 6 2006

GREGORY C. LANGHAM
CLERK

November 6, 2006

NOTIFICATION OF MAILING

Re:     06-1409, Young v. United States
        Dist/Ag docket:  06-cv-1253-BNB

A COPY OF THE ATTACHED ORDER HAS BEEN PLACED IN THE UNITED STATES MAIL
THIS DATE, ADDRESSED AS FOLLOWS:

Mr. Timothy Doyle Young
USP Florence ADMAX
#60012-001
P.O. Box 8500
Florence, CO 81226-8500


Boyd N. Boland
Magistrate Judge
C-160 U.S. Courthouse
Denver, CO 80294


Mr. Gregory C. Langham
Clerk
United States District Court for the District of Colorado
Alfred A. Arraj United States Courthouse
Room A105
901 19th Street
Denver, CO 80294-3589

DEPUTY CLERK

# UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

In re:

TIMOTHY DOYLE YOUNG,

Petitioner.

No. 06-1409
(D.C. No. 06-cv-1253-BNB)

ORDER
Filed November 6, 2006

Before **LUCERO**, **EBEL**, and **McCONNELL**, Circuit Judges.

This is an original proceeding in the nature of mandamus. Petitioner Timothy Doyle Young, a federal prisoner, challenges the district court's decision to require him to amend his civil rights complaint so that it provides a short and plain statement of his claims.

After the filing of this mandamus petition and mandamus supplementation, however, the district court entered an order and judgment of dismissal without prejudice for failure to amend the complaint and failure to prosecute. Mr. Young cannot properly contest the merits of the district court's decision in a petition for writ of mandamus, because "[t]he extraordinary relief of a writ of mandamus is not a substitute for an appeal." *Weston v. Mann (In re Weston)*, 18 F.3d 860, 864 (10th Cir. 1994). Thus, his request for mandamus relief is DENIED.

Mr. Young must pursue a direct appeal of the district court's judgment. He has not filed a formal notice of appeal in this matter and, indeed, he states that defendants in his underlying action are impeding his access to the courts. We liberally construe the technical requirements of a notice of appeal to avoid injustice and, for pro se litigants, accept various filings as the functional equivalent of a notice of appeal. *See Smith v. Barry*, 502 U.S. 244, 248-49 (1992). Moreover, the bringing of this action before the district court's entry of final judgment does not pose an insurmountable barrier to our construction of the mandamus filings as a notice of appeal. "[W]here parties appeal non-final orders, the court's subsequent issuance of an order explicitly adjudicating all remaining claims may cause a case to ripen for appellate review." *Jackson v. Volvo Trucks N. Amer. Inc.*, 462 F.3d 1234, 1238 (10th Cir. 2006) (quotation omitted).

It appears that Mr. Young's petition may be considered a timely notice of appeal which satisfies the notice requirements of Fed. R. App. P. 3. Thus, we construe Mr. Young's pro se petition for mandamus and mandamus supplementation as a notice of appeal from the District of Colorado, case 06-cv-01253-BNB. Although the petition for mandamus is denied, the Clerk of

-2-

the Court is hereby directed to treat the filing as a misdirected notice of appeal

pursuant to Fed. R. App. P. 4(d) and proceed accordingly.

Entered for the Court
ELISABETH A. SHUMAKER, Clerk

By: _____
    Deputy Clerk